IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Guaranty Bank; Federal National Mortgage Association, | C/A No. 3:10-0614-MJP-PJG |
| Plaintiffs, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Reginald Reid, | |
| Defendant. | |

The above-captioned case was removed from the Court of Common Pleas for Kershaw County (Case No. 2007-CP-28-2125). The state court action was a mortgage foreclosure action. The defendant paid the full filing fee of three hundred fifty dollars ($350). See Receipt No. SCX3000033164 (D.S.C., March 11, 2010).

On April 5, 2010, counsel for the plaintiffs filed a motion to remand (Docket Entry 17.) In the motion to remand, counsel for the plaintiffs contend that the removal on March 11, 2010, "is untimely, not filed in good faith and lacks a basis upon which this court can assert subject matter jurisdiction." (Id. at 1.) Counsel for the plaintiffs also note that the attempted removal took place "after entry of a final judgment and judicial sale of property." (Id.)

The plaintiffs' motion to remand and attached exhibits indicate that the state court action was filed on November 7, 2007, and that the defendant was served on the same day. The defendant failed to answer. A Judgment of Foreclosure and Sale was entered in the Court of Common Pleas on March 6, 2008. No appeal was filed by the defendant from the Order of March 6, 2008. After delays associated with two bankruptcy filings by

PJG

the defendant, loss mitigation attempts under the Federal HMP initiatives,[1] and administrative orders of Supreme Court of South Carolina, the property was sold at a foreclosure sale on December 7, 2009. Counsel for the plaintiffs state that the Notice of Removal was filed two hundred forty-one (241) days after service of the summons and complaint and more than two years after entry of final judgment.[2]

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990).

It is well-settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. See 28 U.S.C. § 1446; Heniford v. American

---

[1] The acronym HMP refers to the Home Affordable Modification Program. See Ex parte Federal Nat. Mortg. Ass'n, 2009 WL 1249751 (S.C., May 4, 2009).

[2] Actually, the Notice of Removal was filed 855 calendar days after service of the summons and complaint on November 7, 2007. It appears that counsel for the plaintiff are excluding time relating to the two bankruptcy petitions, two untimely appeals by the defendant, and the stay encompassed by the Administrative Order issued by the Chief Justice of the Supreme Court of South Carolina on May 4, 2009. See Ex parte Federal Nat. Mortg. Ass'n, 2009 WL 1249751 (S.C., May 4, 2009).

PJG

Motors Sales Corp., 471 F. Supp. 328 (D.S.C. 1979), appeal dismissed, 622 F.2d 584 (4th Cir. 1980) (Table).  In order to file a timely Notice of Removal, the defendant needed to file the Notice of Removal by December 7, 2007.

The plaintiffs' motion to remand has been timely filed because it was filed twenty-five (25) days after the filing of the Notice of Removal.[3]  The plaintiffs' certificate of service indicates that copies of the motion to remand were mailed to the defendant at two separate addresses.  No response has been received from the defendant.

Under controlling circuit case law, it is not necessary for this district court to make any further inquiries.  Barbour v. International Union, 594 F.3d 315, 318-19 (4th Cir. 2010) ("The threshold issue we consider is whether removal of the case to federal court was timely. If the notice was untimely, we need not consider the UAW's claim of complete preemption, as an untimely notice of removal would require that the case be remanded to the Maryland state court because the federal court would lack jurisdiction over the claims or the parties.").

---

[3] If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal.  *In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

PJG

**RECOMMENDATION**

For the reasons stated in this Report and Recommendation,[4] the court recommends that the plaintiff's motion to remand (Docket Entry 17) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2010
Columbia, South Carolina

*The attention of the parties is directed to the important Notice on the following page.*

---

[4]In light of the Order (Docket Entry 17) of the Honorable Terry L. Wooten, United States District Judge, on March 18, 2008, in <u>Hitter v. Sumter County Courthouse Holding Area</u>, Civil Action No. 2:07-896-TLW-RSC, which cites <u>Long v. Lockheed Missiles & Space Co.</u>, 783 F. Supp. 249 (D.S.C. 1992), the undersigned is issuing a Report and Recommendation in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).